PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FREDERICK BANKS, | ) |
|     Plaintiff, | ) CASE NO. 4:17CV2499 |
| v. | ) JUDGE BENITA Y. PEARSON |
| CO ROSADO, *et al.*, | ) |
|     Defendants. | ) **MEMORANDUM OF OPINION AND ORDER** |
| | ) [Resolving ECF Nos. 3 and 7] |

Pending before the Court are Defendants CO Rosado, Ms. Slattery, Ms. Scott, CO Giles, and CEO Damon Hininger's Motion to Dismiss (ECF No. 3) and Plaintiff Frederick Banks's Motion for Sanctions (ECF No. 7).

For the reasons stated below, Defendants' Motion to Dismiss is granted with respect to Plaintiff's federal claims; Plaintiff's Motion for Sanctions is denied; and Plaintiff's state-law negligence claims are remanded to state court.

## I. Background

*Pro se* Plaintiff Frederick Banks, a prisoner incarcerated in the Northeastern Ohio Correctional Center (NEOCC) who has filed numerous frivolous cases in this and other courts, filed this removed action against a number of employees of NEOCC and CoreCivic, the private corporation that owns and operates the prison, in the Mahoning Court of Common Pleas. *See* ECF No. 1-1. Seeking primarily monetary relief, he alleges two causes of action. Count I alleges

(4:17CV2499)

a federal cause of action against the Defendants under the First Amendment and Fourteenth Amendments on the basis that prison employees refused to allow him to receive a "Graphic Novel" he ordered because it was pornographic. *Id.* at PageID #: 13. Plaintiff contends the novel is not pornographic and that the Defendants discriminated against him in refusing to allow him to receive it. *Id.* Count II alleges state-law negligence arising from alleged conduct of two Defendants: Corrections Officers Giles and Rosado. *Id.* at PageID #: 14.

Defendants have filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Procedure 12(b)(6). ECF No. 3. Plaintiff has responded to the Motion (ECF No. 6) and filed a Motion for Rule 11 (and other) Sanctions (ECF No. 7).

## II. Standard of Review

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state a claim on which relief can be granted. In deciding a motion to dismiss, the Court presumes the complaint's factual allegations are true and draws all reasonable inferences in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). In order to survive a dismissal, "the complaint must present 'enough facts to state claim to relief that is plausible on its face.'" *Id.*, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Although *pro se* pleadings are liberally construed and held to less stringent standards than pleadings drafted by lawyers *(see Haines v. Kerner*, 404 U.S. 519, 520 (1972)), "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). Even a *pro se*

2

(4:17CV2499)

complaint must meet basic pleading requirements, and to survive a motion to dismiss, it must set forth sufficient facts to state a claim to relief that is plausible on its face. *See Barnett v. Luttrell,* 414 F.App'x 784, 786 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### III. Discussion

Upon review, the Court finds Plaintiff has not alleged any plausible federal claim on which the Court may grant relief in this case, but for reasons other than those argued by the Defendants. To the extent Plaintiff seeks relief for federal constitutional violations based on Defendants' refusal to allow him to receive the graphic novel he ordered, Plaintiff does not set forth allegations suggesting state action, and he does not have any recourse against Defendants under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), which provides a limited cause of action for constitutional rights violations against federal government employees and agents analogous the remedy afforded against state actors under 42 U.S.C. § 1983.

Defendants are all employees of NEOCC, a private prison, or CoreCivic, a private corporation that owns and operates NEOCC. The Supreme Court has held that privately-employed personnel working in a privately-operated prison may not be sued for certain constitutional rights violations under *Bivens*. *See Minneci v. Pollard*, 565 U.S. 118, 132 S.Ct. 617, 622-23 (2012).

Additionally, the Supreme Court has recently held that implying a cause of action against federal employees and agents under *Bivens* is "now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1857 (2017). *Ziglar* instructs that, due to separation-of-powers concerns, "a *Bivens* remedy will not be available if there are 'special factors counselling [sic]

3

(4:17CV2499)

hesitation in the absence of affirmative action by Congress.'" *Id.*, quoting *Carlson v. Green*, 446 U.S. 14, 18 (1980). In *Howard v. Lackey*, Case No. 7:16CV129, 2018 WL 1211113, at *3 (E. D. Ky. Mar. 7, 2018), the district court found that special factors counseled hesitation from implying a *Bivens* remedy in the context of a prisoner's claim that prison personnel violated his constitutional rights by confiscating his mail.

In *Howard*, the Court held that implying a *Bivens* remedy in the context of a plaintiff's claims (which the court found arose under the First Amendment) was unwarranted in light of the fact that the Supreme Court has never previously recognized a *Bivens* remedy under the First Amendment in any context; the plaintiff had other avenues for relief for the violation he alleged, including through the BOP's administrative remedy process; and because extending *Bivens* liability in the context alleged would impose substantial costs on the government and potentially increase the filing of frivolous prisoner lawsuits. *See id*. The Court reasoned that Congress, not the courts, was best suited to evaluate whether relief should be permitted in the circumstances.

The Court agrees with the reasoning and analysis in *Howard* and finds that the same factors articulated also counsel hesitation in extending a *Bivens* remedy to the federal constitutional claims Plaintiff alleges in this case. For the reasons articulated in *Howard*, *Bivens* does not extend to provide an available remedy to Plaintiff in connection with his claims that prison employees or officials violated his federal constitutional rights in refusing to allow him to receive the graphic novel he ordered.

(4:17CV2499)

Accordingly, Plaintiff's Complaint does not allege any plausible federal constitutional claim on which the Court may grant relief. Therefore, Defendants' Motion to Dismiss is granted with respect to Plaintiff's alleged federal claims.

There is no independent basis for the Court to exercise subject-matter jurisdiction over Plaintiff's remaining state-law negligence claims, as Defendants' Notice of Removal indicates the citizenship of the parties is not completely diverse. *See* ECF No. 1 at PageID #: 1-2. In light of the dismissal of Plaintiff's federal claims at this early stage, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims and will remand them to state court where they are better resolved. *See Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–1255 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.").

Finally, Plaintiff's Motion for Sanctions is denied, as the Court finds no basis to impose the sanctions sought on the Defendants.

### IV. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss the Complaint Pursuant to Federal Rule of Procedure 12(b)(6) is granted with respect to Plaintiff's federal constitutional claims; Plaintiff's Motion for Sanctions is denied; and Plaintiff's remaining state-law negligence claims are remanded to state court.

The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this

(4:17CV2499)

decision could not be taken in good faith.

    IT IS SO ORDERED.

April 24, 2018                          */s/ Benita Y. Pearson*
Date                                     Benita Y. Pearson
                                             United States District Judge